IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
LUIS R. DELGADO-FLORES              *
                                    *
     Plaintiff                      *
                                    *
v.                                  *      Civil No. 09-1148(SEC)
                                    *
FRANCISCO RIVERA MAYOL, et al.      *
                                    *
     Defendants                     *
**********************************
```

**OPINION & ORDER**

On February 17, 2009, Plaintiff, a pro-se prisoner, filed the present petition for writ of *habeas corpus* against various Commonwealth of Puerto Rico officials (collectively "Defendants"). See Docket # 2. Concurrently, Plaintiff filed a motion for leave to proceed *in forma pauperis*. See Docket # 1. On the same day, the Clerk of the Court informed Plaintiff regarding the defective filing of the prior motion to proceed *in forma pauperis*. See Docket # 3. Furthermore, the present claim was filed in the Spanish language in violation of Local Rule 10(b). Accordingly, the Court ordered Plaintiff to file a certified English translation, or otherwise show cause as to his defective filings. See Docket # 4. Plaintiff failed to respond to this Court's order, or seek an extension of time. For the reasons set forth below, the present action shall be **DISMISSED**.

The dismissal of a case is within the power of a district court. Of Course, dismissal is typically a measure of last resort, "reserved for extreme cases . . ." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). However, First Circuit precedent is clear that when "the Court appropriately forewarns a plaintiff of the consequences of future non-compliance with an unambiguous order, the Court need not exhaust less toxic sanctions before dismissing a case with prejudice." Torres-Vargas, 431 F. 3d at 392. However, "[t]he power of the court to prevent undue delays must be weighed against the policy favoring the disposition of cases on their merits . . . [u]ltimately, however, plaintiff is responsible for

developing and prosecuting its own case." Jardines Ltd. Pshp. v. Executive Homesearch Realty Servs., 178 F.R.D. 365, 367 (D.P.R. 1998); Hernandez-Festa v. Fernandez-Cornier, Civ. No. -5-1940, 2007 U.S. Dist. LEXIS 59254 (D.P.R. Aug. 13, 2007).

Federal law dictates that all "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Violations of this rule constitute reversible error. Id. Local Rule 10(b) also stipulates that any filings not in the English language should be accompanied by a certified translation.

In the present action, this Court has attempted to forewarn Plaintiff regarding the deficiencies in his filings. Over the course of more than four months, he has completely failed to comply with Rule 10(b), despite this Court's Order. Accordingly, considering Plaintiff's lack of compliance with Local Rule 10(b), and his inaction regarding the show cause order, all claims against Defendants will be **DISMISSED WITHOUT PREJUDICE**. Judgment will be entered accordingly.

    **SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of June, 2009.

                                          S/ *Salvador E. Casellas*
                                          SALVADOR E. CASELLAS
                                          U.S. Senior District Judge